J-S44023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY D. BAKER | |
| Appellant | No. 2034 WDA 2014 |

Appeal from the Judgment of Sentence entered October 27, 2014
In the Court of Common Pleas of Indiana County
Criminal Division at No: CP-32-CR-0001356-2012

BEFORE:  LAZARUS, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:               **FILED SEPTEMBER 24, 2015**

Appellant Troy D. Baker appeals from the October 27, 2014 judgment of sentence entered by the Court of Common Pleas of Indiana County ("trial court"), following a jury trial that resulted in Appellant being found guilty of conspiracy to deliver a controlled substance, possession of a controlled substance ("simple possession"), delivery of a controlled substance and possession with intent to deliver a controlled substance ("PWID").[1] Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa.

_____

[1] 18 Pa.C.S.A. § 903(c) and 35 P.S. §§ 780-113(a)(16), (30).

2009). For the reasons set forth below, we affirm the judgment of sentence and grant the petition to withdraw.

On August 20, 2012, Appellant was charged with the foregoing crimes because he sold 1.2 grams of heroin to a confidential informant. A jury found Appellant guilty of conspiracy to deliver a controlled substance, simple possession, delivery of a controlled substance and PWID. Appellant was sentenced to 3 to 15 years' imprisonment. Ultimately, Appellant appealed to this Court and a prior panel of this Court affirmed the convictions. The panel, however, vacated the sentence and remanded to the trial court because the trial court failed to merge simple possession, delivery of a controlled substance and PWID. *See Commonwealth v. Baker*, No. 1850 WDA 2013, unpublished memorandum at 11 (Pa. Super. filed Aug. 5, 2014). On remand, the trial court resentenced Appellant to an aggregate of 2½ to 15 years' imprisonment. Appellant filed a post-sentence motion, challenging the discretionary aspects of sentencing. The trial court denied the motion on November 6, 2014. Appellant timely appealed to this Court.

Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising the following assertions of error:

[1.] [Appellant] contends that the trial court gave a co-defendant a disparate sentence which consisted of a sentence of probation while [Appellant] received a sentence of not less than thirty months incarceration nor more than fifteen years incarceration.

[2.] [Appellant] contends that the trial court abused its discretion when the court sentenced [Appellant] to a term of incarceration of not less than thirty months incarceration nor more than fifteen years incarceration, an excessive sentence, because [Appellant] does not have a violent criminal record, he

has demonstrated an ability to be rehabilitated, and the amount of drugs that were delivered were small in quantity.

[3.] [Appellant] contends that an ungraded felony conviction can be tantamount to a felony of the third degree, causing the trial court's sentence to be excessive.

[4.] [Appellant] contends that the sentencing scheme under Title 35 for maximum sentences is unreasonable; and therefore, an unconstitutional sentence, because the legislative intent of the statute was never to provide a maximum sentence of incarceration of fifteen years for the delivery of small quantities of heroin.

Appellant's Rule 1925(b) Statement. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that no relief was due on Appellant's assertions of error. On April 30, 2015, Appellant's counsel filed a motion to withdraw as counsel and filed an *Anders* brief, wherein counsel repeats the four assertions of error.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

- 3 -

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the

appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

We address Appellant's first two assertions of error together. It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief.[2] We, therefore, must determine only if Appellant's sentencing issue raises a substantial question.

We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009). This Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)).

_____

[2] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" ***Commonwealth v. Bullock***, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, Appellant's Rule 2119(f) statement asserts that Appellant's sentence of 2½ to 15 years' imprisonment is disparate "because a co-defendant received a sentence of probation," and therefore, his sentence is excessive. ***Anders***/***Santiago*** Brief at 12. Moreover, Appellant asserts that the trial court abused its discretion in failing to consider Appellant's "propensity to be rehabilitated." ***Id.***

Based on Appellant's Rule 2119(f) statement, we conclude a substantial question exists with respect to Appellant's claim that he received a harsher sentence than his co-defendant. ***See Commonwealth v. Mastromarino***, 2 A.3d 581, 589 (Pa. Super. 2010) (concluding that disparate sentence claim raised a substantial question) (citation omitted), ***appeal denied***, 14 A.3d 825 (Pa. 2011); ***see also Commonwealth v. Krysiak***, 535 A.2d 165, 167 (Pa. Super. 1987) ("[D]isparate sentences between two or more co-defendants constitute a substantial question, necessitating our exercise of jurisdiction to review."). With respect to Appellant's claim that the trial court abused its sentencing discretion in

failing to consider his rehabilitative needs, no substantial question exists.[3]

***See Commonwealth v. Caldwell***, 2015 PA Super 128, ___ A.3d ___, 2015 WL 3444594 at *3 (filed May 29, 2015) (*en banc*) (citing a plethora of cases supporting the proposition that a claim that the trial court failed to consider an appellant's rehabilitative needs fails to raise a substantial question) (citation omitted). Accordingly, we grant Appellant's petition for allowance of appeal only in connection with the disparate sentencing claim.

As noted earlier, we review any challenge to the trial court's discretionary aspects of sentencing under an abuse of discretion standard. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1274 (Pa. Super. 2013), ***appeal denied***, 91 A.3d 161 (Pa. 2014). It is established that co-defendants are not required to receive identical sentences. ***Mastromarino***, A.3d at 589. Thus, a trial court must only indicate the reasons for differences in sentences between co-defendants. ***Id.*** (citation omitted). "This is not to say, however, that the court must specifically refer to the sentence of a co-defendant. Rather, it requires that when there is a disparity between co-defendants' sentences, a [trial] court must give reasons particular to each defendant explaining why they received their individual sentences." ***Id.*** (citation omitted).

---

[3] Nonetheless, contrary to Appellant's claim, as our review of the record indicates ***infra***, the trial court considered Appellant's rehabilitative needs.

Here, our review of the sentencing transcript reveals that the trial court articulated ample reasons to justify the disparity between Appellant's and his co-defendant's sentence. The trial court remarked:

> Again, a review of your record shows that at the age of 33 you have never been gainfully employed. You have 16 prior convictions in Pennsylvania and Ohio, the majority of which are drug and/or drug related offenses. And [the court does] consider you to be a career criminal and a danger to society. You were on parole at the time that you committed this offense and [the court] therefore, consider[s] you to be a poor candidate for rehabilitation.

N.T. Resentencing, 10/27/14, at 8. Accordingly, we discern no basis upon which to conclude that the trial court abused its discretion in imposing upon Appellant a sentence of 2½ to 15 year term of imprisonment.

Turning now to Appellant's third and fourth assertion of error, we find they are waived, because Appellant raised them for the first time in his Rule 1925(b) statement. *See Commonwealth. v. Tejada*, 107 A.3d 788, 790 (Pa. Super. 2015) (explaining that an issue may not be raised for the first time in a Rule 1925(b) statement); *see* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Even if they were properly preserved for appeal, we still would consider the arguments waived because Appellant fails to develop them with any legal authority. *See* Pa.R.A.P. 2119(a); *see also Commonwealth v. B.D.G.*, 959 A.2d 362, 371-72 (Pa. Super. 2008) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.").

Finally, we have conducted an independent review of the record and addressed Appellant's arguments pertaining to the discretionary aspects of sentencing. Based on our conclusions above, we agree with counsel that the issues Appellant seeks to litigate in this appeal are wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015